Circuit Court of Cuyahoga County.

Yetta Krause v. The Guarantee Title & Trust Company et al.

Decided, May 13, 1910.

*Pleading—Joinder of Causes of Action—Counter-claim—Foreclosure—Personal Judgment—Sections* 11306 *and* 11317.

Personal judgment can not be recovered by a cross-petitioner in a foreclosure suit, notwithstanding the cross-petitioner holds an express lien on the same land upon which the plaintiff is seeking to foreclose.

*Toland & Pearson, F. Higley* and *V. C. Leslie,* for plaintiff in error.

*Thompson & Hine, Ulmer & Bernstein, Fred Desberg, Vernon H. Burke* and *Griswold & White,* contra.

HENRY, J.; MARVIN and WINCH, JJ., concur.

Error to the Court of Common Pleas.

The judgment and decree of the court below in this mortgage foreclosure case must be so modified as to eliminate the personal judgments for money that were rendered upon cross-petitions filed therein.

Revised Statutes, Section 5080 (General Code, Section 11306) provides that:

The plaintiff may unite several causes of action in the same petition, whether they are such as have heretofore been denominated legal or equitable or both, when they are included in either of the following classes:

"1.   The same transaction.
"2.   Contracts connected with the same subject of action.   *   *   *

"8.   Claims to foreclose a mortgage given to secure the payment of money, or to enforce a specific lien for money and to recover a personal judgment for the debt secured by such mortgage or lien."

It is to be presumed that paragraph 8, above quoted, is not a mere needless repetition of what is already included under paragraphs 1 and 2.

When therefore in Revised Statutes, Section 5069 (General Code, Section 11317), the Legislature in defining a counterclaim uses substantially the same language as that contained in said paragraphs 1 and 2, and omits such language as is con- in paragraph 8, the conclusion would seem to follow that it designedly excluded the joinder in a cross-petition of a counterclaim for foreclosure with one for a money judgment, unless there is some other reason for such joinder. But be that as it may, it can not ordinarily be said that merely because a defendant's claim for money is secured by an express lien on the same land as that to which the plaintiff's lien attaches, a cross-petition praying for a money judgment on such claim asserts a cause of action in favor of such defendant "arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action" so brought by the plaintiff. The defendant's lien on the same

land undoubtedly may give rise to a cause of action so connected; but a cause of action arising on the claim for money secured by such lien is wholly unconnected with any cause of action asserted by the plaintiff in foreclosure.

The judgment below will therefore be modified as stated, and as so modified, affirmed.